

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDY PEREZ-PEREZ, AKA Sandra Perez,<br><br>          Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.   15-71658<br><br>Agency No. A097-469-497<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2018[**]
Pasadena, California

Before: BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,[***] District Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

Judy Perez-Perez petitions for review of the Board of Immigration Appeals' ("BIA") decision to deny her application for "special-rule" cancellation of removal under the Immigration and Nationality Act ("INA" or "Act") § 240A(b)(2), 8 U.S.C. § 1229b(b)(2). We have jurisdiction under 8 U.S.C. § 1252. Our review is de novo. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). For the reasons stated below, we deny the petition for review.

## I. Petitioner's Two Sons Were Not "Children" for the Purpose of Establishing Hardship Under 8 U.S.C. § 1229b(b)(2)(A)(v)

Petitioner argues that the Immigration Judge ("IJ") and BIA should have found that her two sons were "children" when determining whether Petitioner had any qualifying relatives who would suffer extreme hardship as the result of her removal. Under 8 U.S.C. § 1229b(b)(2)(A)(v), the Attorney General may cancel the removal of an alien who is deportable from the United States if the alien demonstrates, in relevant part, that "the removal would result in extreme hardship to . . . the alien's child." The Act defines "child" as "an unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1).

Petitioner argues that her two sons were qualifying children because they were under twenty-one years old when she filed her special-rule cancellation application. The IJ and BIA determined that Petitioner's sons were not children

2

under the Act because they were over twenty-one years old when the IJ issued its final decision. Petitioner's argument was recently foreclosed by the Ninth Circuit's decision in *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016). In that case, the court concluded that "the BIA could reasonably determine that § 1229b(b)(1)(D) requires an alien seeking cancellation to establish hardship to a qualifying relative as of the time the IJ adjudicates the alien's application." *Id.* at 664. Accordingly, the IJ and BIA correctly found that Petitioner's sons were not qualifying relatives.

## II. Petitioner Did Not Administratively Exhaust Her Claim That She Would Suffer Extreme Hardship as the Result of Her Removal

Petitioner claims that her Fifth Amendment due process right was violated when the BIA failed to consider whether removal would cause her extreme hardship. Respondent argues that Petitioner failed to administratively exhaust a claim based on her own extreme hardship because she did not raise the issue in her brief before the BIA. We "may review a final order only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "We are without jurisdiction to hear arguments that a petitioner has not exhausted by raising and arguing in his brief before the BIA." *He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014).

The BIA found that Petitioner had not alleged that she would suffer extreme hardship upon her removal. In her appeal to the BIA, Petitioner challenged the IJ's determination that she was not credible. The parties dispute whether that challenge encompassed the IJ's finding that Petitioner had not established that she would suffer extreme hardship. Upon review of the record in this case, we find that Petitioner did not raise the issue in her brief before the BIA.

In sum, the BIA did not err in concluding that Petitioner failed to satisfy the extreme hardship requirement necessary to sustain her special-rule cancellation application.

The petition for review is DENIED.